J-S63024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS CRUZ, | |
| Appellant | No. 1149 EDA 2015 |

Appeal from the PCRA Order March 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1204731-1994

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 03, 2016**

Appellant, Carlos Cruz, appeals from the March 27, 2015 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we reverse and remand with instructions.

The relevant facts and procedural history of this matter were set forth by the PCRA court as follows:

> [Appellant] was initially arrested on November 4, 1994 and charged with a range of offenses. On December 21, 1995, appearing before a jury presided over by the Honorable John J. Poserina, Jr., now retired, [Appellant] was convicted of second degree murder, two counts of robbery, aggravated assault, conspiracy, carrying a firearm on public streets or public property in Philadelphia and possession of an instrument of

---

[*] Former Justice specially assigned to the Superior Court.

crime (PIC). On March 11, 1996, he was sentenced by Judge Poserina to life imprisonment without the possibility of parole followed by a consecutive aggregate twenty-four and a half [to forty-nine] years of incarceration on the remaining charges. [Appellant] did not file a Notice of Appeal.

On June 17, 1996 [Appellant] timely filed his first PCRA petition pro se which was later amended by appointed counsel. Judge Poserina dismissed the petition on January 7, 1999. [Appellant] filed a pro se Motion for Reconsideration that was denied on January 28, 1999. On March 2, 1999 [Appellant] filed a timely pro se Notice of Appeal. Judge Poserina did not file an opinion in this PCRA case. The court's dismissal of the first PCRA petition was affirmed by the Superior Court on July 5, 2000. [**Commonwealth v. Cruz**, 652 EDA 1999, 761 A.2d 1231 (Pa. Super. filed July 5, 2000) (unpublished judgment order)]. On July 12, 2000 [Appellant] submitted an application for reconsideration to the Superior Court, which was denied on September 6, 2000. On October 5, 2000 [Appellant] timely petitioned the Supreme Court for allowance of appeal and the petition was denied on January 30, 2001. [**Commonwealth v. Cruz**, 615 EAL 2000, 771 A.2d 1278 (Pa. filed January 30, 2001)].

On October 18, 2001 [Appellant] filed a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. On May 22, 2002 the District Court dismissed [Appellant's] writ and denied relief, finding no basis for the issuance of a certificate of appealability. On June 24, 2002 [Appellant] filed a Notice of Appeal to the Third Circuit Court of Appeals. On July 19, 2002 [Appellant] filed a Motion for a Certificate of Appealability, said motion was denied December 16, 2002. According to the docket entries, two subsequent writs of habeas corpus were filed on March 19, 2010 and October 5, 2011. *See Quarter Session File.*

On September 4, 2012 [Appellant] filed this second pro se PCRA petition. On April 10, 2013 PCRA counsel entered their appearance and later amended the petition on December 3, 2013. [Appellant] filed a pro se amended petition on March 3, 2014. Commonwealth filed a motion to dismiss the PCRA petition on September 19, 2014. On December 9, 2014 this court was then assigned the case because Judge Pos[]erina assumed senior status. On February 27, 2015 this court gave [Appellant]

notice of intent to dismiss. On March 17, 2015 [Appellant] filed a pro se objection to this court's issuance. Thereafter, on March 27, 2015 this court granted Commonwealth's Motion to Dismiss and formally dismissed the petition. On April 21, 2015 [Appellant], through his attorney, filed a Notice of Appeal to the Superior Court.

PCRA Court Opinion, 7/9/15, at 1-3 (internal footnotes omitted).

On appeal, Appellant presents the following issue for this Court's consideration:

I.   Did the PCRA Court err when it dismissed [Appellant's] Amended PCRA Petition without a Hearing and all where [Appellant] properly pled and would have been able to prove that he was entitled to PCRA relief?

Appellant's Brief at 3.  Specifically, Appellant avers that he submitted evidence of after-discovered facts in the form of affidavits to the PCRA court supporting his claim that he was not the shooter; therefore, he was entitled to a PCRA hearing. *Id*. at 7-9.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016).  The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.  *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).  "The PCRA court may dismiss a petition without a hearing when the court is satisfied 'that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief,

and no legitimate purpose would be served by any further proceedings.' Pa.R.Crim.P. 909(B)(2)." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1273 (Pa. 2016).

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

In the case *sub judice*, Appellant was sentenced on March 11, 1996. Appellant did not pursue a direct appeal in this Court. Thus, his judgment of sentence became final thirty days later on April 10, 1996, and Appellant had until April 10, 1997, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Appellant filed a timely first PCRA petition that was denied on January 7, 1999. This Court affirmed the order denying relief on July 5, 2000, and the Supreme Court denied allowance of appeal. ***Commonwealth v. Cruz***, 652 EDA 1999, 761 A.2d 1231 (Pa. Super. filed July 5, 2000) (unpublished memorandum), *appeal denied*, 615 E.D.ALLOC. 2000, 771

A.2d 1278 (Pa. filed January 30, 2001). Accordingly, Appellant's second PCRA petition filed on September 4, 2012, is patently untimely.

Nevertheless, an untimely petition may be received when the petition alleges and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] "However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (citing ***Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)). Moreover:

_____

[1] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008).

Appellant asserts on appeal that the "after-discovered facts" exception to the PCRA's timing requirements applies. Appellant's Brief at 8. Appellant attached several documents to his September 4, 2012 PCRA petition, which are described as follows: Affidavit of Juan Agosto, notarized and dated January 9, 2006; Affidavit of David Flores, notarized and dated July 10, 2012; and Affidavit of Appellant, notarized and dated August 28, 2012. PCRA Petition, 9/4/12. In an amended PCRA petition, filed *pro se* on March 3, 2014, Appellant appends an affidavit of Jay Diaz, dated February 26, 2014, which is not notarized.

The PCRA court addressed Appellant's petition and "after-discovered facts," as purportedly raised in these affidavits, as follows:

> Here, [Appellant] is claiming that his second petition falls under the after-discovered evidence exception to the PCRA time-bar. [Appellant] is however not entitled to relief under this exception.
>
> * * *
>
> Instantly, [Appellant's] after-discovered evidence claim, and basis for a new trial, rests on four purported affidavits, one from himself and one each from alleged witnesses, Juan Agosto and David Flores. In a later pro se amended petition, he also proffered an affidavit from Jay Diaz, a fellow inmate allegedly in

- 6 -

possession of information that [Appellant] did not possess at the time of his trial. [Appellant] has, however, failed to satisfy the requirements for exception to the time-bar; therefore his after-discovered evidence claim is meritless. Each purported after-discovered evidence document will be analyzed below.

The *first* affidavit was submitted by Juan Agosto and dated January 9, 2006, more than six years before the petition was filed. Thus, the instant PCRA petition was not filled within 60 days of the date [Appellant] became aware of this alleged evidence as required under subsection 9545(b)(1)(ii) [and (b)(2)]. Therefore, [Appellant] has not satisfied the requirements for the after-discovered evidence exception to the time bar. Thus, this court properly dismissed his petition.

The *second* affidavit was submitted by David Flores and is dated July 10, 2012. Although submitted within the 60 day filing period, Mr. Flores's affidavit also fails to provide a basis for a new trial. In his affidavit, Mr. Flores claims that he was in close proximity to the scene of the homicide, and that [Appellant] was not the shooter. His affidavit also states that he gave a prior statement in 1997. Given Mr. Flores's prior statement and [Appellant's] familiarity with him from the neighborhood, [Appellant] has not plead or proven that he could not have discovered the contents of Mr. Flores's affidavit prior to the conclusion of the trial by the exercise of reasonable diligence. Furthermore, Mr. Flores states in his affidavit that he will not testify at a new trial. Thus, this alleged after-discovered evidence does not meet the "producible" requirement of the PCRA. Accordingly, this court properly found this claim insufficient to overcome the PCRA time-bar.

In the *third* document, [Appellant] in his own affidavit, dated August 28, 2012, states that he recently obtained and became aware of the aforementioned evidence, and that he now remembers Mr. Flores being in the proximity of the shooting some eighteen (18) years ago. Clearly this claim, on its face, fails the reasonable diligence requirement of the time-bar exception. Hence, [Appellant's] claims cannot be entertained by this court.

Finally, the *fourth* document is an affidavit submitted by SCI Graterford inmate Jay Diaz dated February 26, 2014. This affidavit was submitted within 60 days of its discovery on March

3, 2014 in an amended pro se PCRA petition. In his affidavit, Mr. Diaz claims he had been living with the secret that he witnessed a shooting incident which resulted in someone's death nearly eighteen (18) years ago. Coincidentally, while both Mr. Diaz and [Appellant] were serving sentences at SCI Graterford, Mr. Diaz allegedly overheard [Appellant] proclaiming his innocence to another inmate, recognized the referenced location, instantly knew that [Appellant] was not the man he witnessed commit the shooting and felt obligated to come forward and offer [Appellant] assistance. Even, assuming *arguendo*, that this affidavit contains unknown facts that could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence, it still fails to satisfy the after-discovered evidence exception. [Appellant] has not plead, presented or proven that Mr. Diaz's affidavit is of such a nature and character that a different verdict will likely result if a new trial is granted.

In this case, [Appellant] has proffered affidavits exculpating himself as the shooter in a nearly two decades old murder case to ultimately show that someone else committed the crime for which he was convicted. As indicated above, [Appellant] has failed to plead and prove that the allegedly after-discovered evidence contained in the submitted affidavits could not have been obtained by the exercise of reasonable diligence prior to the conclusion of the trial. Moreover, in assessing the content of the evidence as a whole, [Appellant] has not provided sufficient proof that the affidavits are not merely corroborative or cumulative of evidence previously submitted in prior PCRA petitions.

As the trial record aptly demonstrates, the evidence presented against [Appellant] was overwhelming. Inasmuch as the record still contains [Appellant's] confession to the murder for which he was convicted, and discrete facts from that confession that were documented by independent evidence, [Appellant] has failed to establish that the allegedly after-discovered evidence would compel a different verdict. Thus, where [Appellant] only offers as after-discovered evidence time barred affidavits, he is improperly attempting to tailor the nature and character of his alleged evidence to circumvent the PCRA filing deadline.

PCRA Court Opinion, 7/9/15, at 5-9.

We agree with the PCRA court's conclusions that the affidavits filed by Juan Agosto, David Flores, and Appellant either failed to satisfy the requirement that after-discovered facts be presented within sixty days of their discovery, 42 Pa.C.S. § 9545(b)(1)(ii) and (2), or failed to establish any likelihood that, if this "after-discovered evidence" were produced, the result of the proceedings would have been different. **Pagan**, 950 A.2d at 292.

However, with respect to the affidavit filed by Jay Diaz, we are constrained to disagree with the PCRA court. First, we point out that, after Appellant learned of Mr. Diaz, he prepared the amended PCRA petition and informed counsel of both the after-discovered facts and the need to plead and prove that these after-discovered facts may establish an exception to the PCRA time bar. Amended PCRA Petition, 3/3/14, at 2 and proof-of-service page; Objections to Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, 3/17/15, at 2-4. The PCRA court considered the amended *pro se* petition, and the record does not reflect that Appellant's petition was forwarded to counsel for consideration pursuant to **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011), and Pa.R.Crim.P. 576(A)(4) (stating that when criminal defendant, who is represented by counsel, submits a *pro se* filing, the clerk of courts shall accept the document for filing and forward a copy to counsel). Under these circumstances, we decline to consider Appellant's *pro se* amended petition as a legal nullity, despite the prohibition

against hybrid representation announced in *Commonwealth v. Ellis*, 626 A.2d 1137 (Pa. 1993).  Moreover, Mr. Diaz's affidavit was submitted within sixty days of its discovery in Appellant's amended *pro se* PCRA petition. Within the affidavit, it is averred that Appellant was innocent and another individual was the perpetrator.  Further, Appellant claims that because Mr. Diaz was unknown to Appellant at the time of trial, these facts could not have been discovered.  We conclude that this affidavit and the information contained within is not merely cumulative or being used solely to impeach the credibility of a witness, and it could have resulted in a different outcome at trial.  *Pagan*, 950 A.2d at 292.

Accordingly, we conclude that the PCRA court erred in dismissing Appellant's PCRA petition without a hearing.  We hereby reverse the order of the PCRA court and remand this matter to the PCRA court for a hearing on Appellant's petition.

Order reversed.  Case remanded for a hearing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/3/2016